# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2791

_____

Porous Media Corporation,         *
                                       *

     Plaintiff - Appellant,     *

                                       * Appeal from the United States
    v.                       * District Court for the
                                       * District of Minnesota.
Pall Corporation,              *

                                       *

     Defendant - Appellee.    *

_____

Submitted:  May 10, 1999

Filed: August 4, 1999

_____

Before RICHARD S. ARNOLD, JOHN R. GIBSON, and BOWMAN, Circuit Judges.

_____

JOHN R. GIBSON, Circuit Judge.

Porous Media Corporation and Pall Corporation are before us a third time. Porous was awarded a judgment of $7 million against Pall and successfully defended counterclaims asserted by Pall in the first of the cases, <u>Porous Media Corp. v. Pall</u>

Corp., 110 F.3d 1329 (8th Cir. 1997) (Porous I).[1] The district court[2] in that case denied Porous's motion for judgment as a matter of law on Pall's counterclaims for trademark and trade dress infringement and later submitted the counterclaims to the jury, which rejected them. Porous then brought the action now before us, claiming that Pall is liable for malicious prosecution for asserting the counterclaims in Porous I, and that the counterclaims "were motivated by malice, and were made without probable cause for the purpose of injuring Porous." Pursuant to Fed. R. Civ. P. 12(c), the district court[3] entered judgment on the pleadings in Pall's favor, and Porous now appeals. We affirm.

Pall's counterclaims in Porous I were essentially twofold. First, Pall alleged that Porous's logo of "PM" within a blue oval infringed Pall's trademarks in the word "Pall" in a similar blue oval and the initials "PTM" in an oval. Second, it alleged that certain drawings in one of Porous's brochures, as well as various logos, part numbers, literature, graphics, and the appearance of Porous's products, infringed Pall's trade

---

[1]In Porous I, we upheld Lanham Act and common-law product disparagement judgments arising out of Pall's false advertising relating to the two companies' filters used in the oil and gas, paper, and power generation industries. See 110 F.3d at 1332-41. In Porous Media Corp. v. Pall Corp., 173 F.3d 1109 (8th Cir. 1109) (Porous II), we upheld a Lanham Act judgment against Pall for misleading advertisements that compared the two companies' filters in the medical device industry, and we rejected various arguments raised by Porous's cross-appeal. See 173 F.3d at 1116-23.

Yet another separate lawsuit -- one of at least five that Porous has initiated against Pall -- alleges that Pall's counterclaims in Porous II constituted malicious prosecution. The district court dismissed the action under Fed. R. Civ. P. 12(b)(6), but that judgment is not before us. The malicious prosecution action arising from the Porous II counterclaims is addressed in a separate appeal docketed as Case No. 99-1585.

[2]The Honorable Michael J. Davis, United States District Judge for the District of Minnesota.

[3]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

dress.

At the close of Pall's evidence, Porous moved for judgment as a matter of law on the counterclaims under Fed. R. Civ. P. 50(a). The parties argued at length about whether Pall had established submissible cases of trademark and trade dress infringement. Having presided over the trial and having heard counsels' lengthy arguments, Judge Davis denied Porous's motion for judgment as a matter of law:

> I'm going to deny the motions. Certainly, you can raise them at the conclusion of the case, and after we have gone over the jury instructions and found out exactly what law we're going to apply.

Porous did not renew its motion for judgment as a matter of law at the close of all the evidence (nor had it moved for summary judgment before trial). The court submitted Pall's counterclaims to the jury, which found for Porous.

This lawsuit followed. Porous alleged below that Pall's counterclaims in Porous I "were motivated by malice, and were made without probable cause for the purpose of injuring Porous." The district court granted Pall's motion for judgment on the pleadings. In doing so, it relied heavily upon Judge Davis's rejection of Porous's motion for judgment as a matter of law directed to the counterclaims. By denying Porous's motion, the district court reasoned, Judge Davis implicitly determined that there was a "legally sufficient evidentiary basis for a jury to find for Pall on its counterclaims." (quoting Fed. R. Civ. P. 50(a)). In light of Judge Davis's determination, the district court held that Porous could not establish that Pall's counterclaims were "objectively baseless" or lacking in probable cause.

We review de novo a grant of a motion for judgment on the pleadings. See Lion Oil Co., Inc. v. Tosco Corp., 90 F.3d 268, 270 (8th Cir. 1996). Judgment on the pleadings should be granted only if the moving party clearly establishes that there are no material issues of fact and that it is entitled to judgment as a matter of law. See id.

When considering a motion for judgment on the pleadings (or a motion to dismiss under Fed. R. Civ. P. 12(b)(6)), the court generally must ignore materials outside the pleadings, but it may consider "some materials that are part of the public record or do not contradict the complaint," Missouri ex rel. Nixon v. Coeur D'Alene Tribe, 164 F.3d 1102, 1107 (8th Cir.), cert. denied, ___ U.S. ___, No. 98-1848, 1999 WL 319349 (U.S. June 24, 1999), as well as materials that are "necessarily embraced by the pleadings." Piper Jaffray Cos. v. National Union Fire Ins. Co., 967 F. Supp. 1148, 1152 (D. Minn. 1997). See also 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 2d § 1357, at 299 (1990) (court may consider "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint"). The district court therefore properly relied upon a transcript of the proceedings before Judge Davis.

Under Minnesota law, the tort of malicious prosecution consists of three elements. First, the underlying lawsuit must have been brought without probable cause. Second, the action must have been instituted with malicious intent. Third, the action must have terminated in the defendant's favor. See Kellar v. VonHoltum, 568 N.W.2d 186, 192 (Minn. Ct. App. 1997). Probable cause to initiate civil proceedings requires only a reasonable belief that the claim will ultimately prevail, or "such facts and circumstances as will warrant a cautious, reasonable and prudent person in the honest belief that his action and the means taken in prosecution of it are just, legal, and proper." See id.; Mendota Heights Assocs. v. Friel, 414 N.W.2d 480, 484 (Minn. Ct. App. 1987). See also Restatement (Second) of Torts § 675, cmt. e, pp. 459-60 (1977) (probable cause requires reasonable belief "that there is a sound chance that [the] claim may be held legally valid upon adjudication.").[4]

_____

[4]In addition, the First Amendment generally immunizes the act of filing a lawsuit from tort liability under the Noerr-Pennington doctrine. See Eastern Railroad Presidents Conference v. Noerr Motor Freight, Inc., 365 U.S. 127 (1961); United Mine Workers v. Pennington, 381 U.S. 657 (1965). See also Hufsmith v. Weaver, 817 F.2d

We agree with the district court that Judge Davis's rejection of Porous's motion for judgment as a matter of law on the counterclaims fatally undermines its claims for malicious prosecution. After Pall's presentation of evidence at the trial and the parties' arguments discussing the elements of Pall's counterclaims and whether those elements were met, Judge Davis determined that the counterclaims should be resolved by the jury and denied Porous's motion under Rule 50(a).

Rule 50(a) permits dismissal when "there is no legally sufficient evidentiary basis for a reasonable jury to find for" the non-moving party at the close of that party's evidence. We have on numerous occasions spelled out in detail the criteria for the grant of such motions. In Dace v. ACF Industries, Inc., 722 F.2d 374 (8th Cir. 1983), for example, we stated that, in considering a motion for directed verdict or for j.n.o.v.,

---

455, 458-59 (8th Cir. 1987) (holding that doctrine not limited to antitrust context). Only "sham" lawsuits fall outside the Noerr-Pennington cloak of immunity, that is, "only where a defendant's resort to the courts is accompanied or characterized by illegal and reprehensible practices such as perjury, fraud, conspiracy with or bribery of government decision makers, or misrepresentation, or is so clearly baseless as to amount to an abuse of process . . . ." Razorback Ready Mix Concrete Co. v. Weaver, 761 F.2d 484, 487 (8th Cir. 1985). A lawsuit is a "sham" if it is both (i) objectively baseless in that no reasonable litigant could expect success on the merits and (ii) subjectively motivated by bad faith. See Professional Real Estate Investors, Inc. v. Columbia Pictures Indus., Inc., 508 U.S. 49, 61-62 (1993).

The Noerr-Pennington framework essentially mirrors the first two elements of malicious prosecution under Minnesota law. A lawsuit lacking in probable cause and pursued without a reasonable belief of possible success is simply an objectively baseless or "sham" lawsuit, and a lawsuit brought with malicious intent is one that is subjectively motivated by bad faith. See Professional Real Estate Investors, 508 U.S. at 62-63 (existence of probable cause defeats contention that lawsuit was objectively a "sham"). In granting Pall judgment on the pleadings, the district court relied both upon the substantive requirements of malicious prosecution under Minnesota law as well as Noerr-Pennington. This is a further basis for affirming the district court's well-reasoned opinion.

the court must:

> (1) resolve direct factual conflicts in favor of the nonmovant, (2) assume as true all facts supporting the nonmovant which the evidence tended to prove, (3) give the nonmovant the benefit of all reasonable inferences, and (4) deny the motion if the evidence so viewed would allow reasonable jurors to differ as to the conclusions that could be drawn.

Id. at 375; see also White v. Pence, 961 F.2d 776, 779 (8th Cir. 1992). Judge Davis's denial of the motion demonstrated that the counterclaims and the evidence supporting them had met this exacting test, i.e., that reasonable jurors could differ as to whether Pall should prevail. If reasonable jurors could find in Pall's favor, it follows that there was probable cause for bringing the counterclaims, that is, they were pursued with a reasonable belief of success. This is fatal to an essential element of Porous's claims for malicious prosecution. See Kellar, 568 N.W.2d at 192. That Pall put forth genuinely submissible counterclaims likewise demonstrates that the counterclaims were supported by "such facts and circumstances as will warrant a cautious, reasonable and prudent person in the honest belief that his action and the means taken in prosecution of it are just, legal, and proper." See Mendota Heights Assocs., 414 N.W.2d at 484.

Other decisions from federal courts have reached similar conclusions with respect to rulings denying motions for summary judgment. See Nobelpharma AB v. Implant Innovations, Inc., 930 F. Supp. 1241, 1255 (N.D. Ill. 1996) (claim not objectively baseless where court denied motion for summary judgment on same claim), aff'd, 141 F.3d 1059 (Fed. Cir. 1998), cert. denied, ___ U.S. ___, 119 S. Ct. 178 (1998); Harris Custom Builders, Inc. v. Hoffmeyer, 834 F. Supp. 256, 261-62 (N.D. Ill. 1993) (same). The standards for granting summary judgment and judgment as a matter of law are essentially the same. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).

The context surrounding Judge Davis's decision demonstrates that he was aware

of the reasonable basis supporting Pall's counterclaims. Judge Davis denied the Rule 50(a) motion only after hearing each side describe in considerable detail (reflected in some ten pages of transcript) the evidence supporting Pall's counterclaims for trade dress and trademark infringement. We need not detail the argument.

Porous argues that Judge Davis's decision rejecting the motion for judgment as a matter of law on the counterclaims made no finding with respect to probable cause. We have set out above the appropriate test that Judge Davis followed. Probable cause was not an issue presented to Judge Davis, nor was it in any way necessary that he decide it, for his firm denial of the Rule 50 motion settles the question of whether probable cause supported the counterclaims.

Porous places great weight upon Judge Davis's factual findings relating to Pall's request for injunctive relief on the counterclaim for trade dress infringement. We think that these findings are of little relevance because they were made not only after Judge Davis denied Porous's motion for judgment as a matter of law and submitted the counterclaims to the jury, but after the jury itself ruled in Porous's favor. Judge Davis's findings merely reflect his acceptance of the jury's verdict against the trade dress counterclaim. Conclusively, however, the findings do not relate at all to the trademark issues.

Porous repeatedly asserts that Judge Davis's ruling on the motion for judgment as a matter of law was "tentative," but we do not so read the ruling. Although Judge Davis could have expressly reserved ruling on the motion until the close of all the evidence or until after the jury's verdict, the judge instead simply stated, "I'm going to deny the motion." That Judge Davis invited Porous to renew its motion at the conclusion of the case does no more than recognize the language of Rule 50(a). Porous could have done so no matter how firmly or tentatively its motion was denied, see Fed. R. Civ. P. 50(a)(2), but it did not.

There may be circumstances in which a district court will deny a motion for judgment as a matter of law tentatively, in contrast to the denial by Judge Davis. In particular, the court might elect to submit a case to the jury and defer ruling upon the sufficiency of the evidence until after trial. We have encouraged district courts to do just that in some of our earlier opinions. See Dace, 722 F.2d at 379 n.9.; Fed. R. Civ. P. 50(b). We simply hold that on the record before us, Judge Davis's rejection of Porous's motion for judgment as a matter of law demonstrates that Pall's counterclaims were not lacking in probable cause or otherwise objectively baseless. That is why judgment on the pleadings was properly granted by the district court, whose decision we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.