# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

———————

No. 99-1585

———————

Porous Media Corporation,     \*
    \*
       Plaintiff - Appellant,     \*
    \*   Appeal from the United States
      v.     \*   District Court for the
    \*   District of Minnesota.
Pall Corporation,     \*
    \*
       Defendant - Appellee.     \*

———————

Submitted:  August 12, 1999

Filed:  January 14, 2000

———————

Before RICHARD S. ARNOLD, JOHN R. GIBSON, and BOWMAN, Circuit Judges.

———————

JOHN R. GIBSON, Circuit Judge.

Porous Media Corporation appeals the district court's[1] entry of summary judgment in favor of Pall Corporation on related Lanham Act and state law claims, the court's dismissal of its malicious prosecution claim, and the court's entry of sanctions

———————

[1]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

under Fed. R. Civ. P. 11. This is the fourth appeal to come before us in this series of disputes between the parties.[2] We affirm.

We turn first to Porous's claims under the Lanham Act, 15 U.S.C. § 1125(a) (1994), and the Minnesota Deceptive Trade Practices Act, Minn. Stat. § 325D.44 (1996). Following two previous jury verdicts against Pall under the same statutes, Porous issued a press release in July 1997 to describe the two lawsuits. Less than one month later, Porous took out a half-page advertisement in the Wall Street Journal to advise the public of the previous litigation. Pall disputed Porous's descriptions of the first two lawsuits, and issued its own press release on August 1, 1997. Some three weeks later, Pall issued a second press release to respond to Porous's advertisement in the Wall Street Journal. Not to be outdone, Porous charged that Pall's descriptions of the previous litigation were deceptive, and it initiated the present action under the Lanham Act and the Minnesota Deceptive Trade Practices Act. The district court granted summary judgment on both claims, holding that Pall's press releases did not constitute "commercial advertising or promotion" as required by the Lanham Act, see 15 U.S.C. § 1125(a)(1)(B); that the press releases did not concern the "nature, characteristics, qualities, or geographic origin" of either party's products, see id.; and that the releases did not constitute a "disparage[ment] [of] the goods, services, or business of another," see Minn. Stat. § 325D.44(8). We have carefully reviewed the

---

[2]In Porous Media Corp. v. Pall Corp., 110 F.3d 1329 (8th Cir. 1997) (Porous I), we addressed Lanham Act and common-law disparagement judgments. In Porous Media Corp. v. Pall Corp., 173 F.3d 1109 (8th Cir. 1999) (Porous II), we again considered a Lanham Act judgment. Both of those opinions affirmed substantial judgments against Pall.

Pall asserted counterclaims in Porous I that Porous later claimed made Pall liable for malicious prosecution. We affirmed the district court's entry of judgment on the pleadings in Pall's favor on the malicious prosecution claim in Porous Media Corp. v. Pall Corp., 186 F.3d 1077 (8th Cir. 1999) (Porous III).

record, and we affirm the grant of summary judgment on the basis of the district court's well-reasoned opinion.

We affirm the dismissal of Porous's malicious prosecution claim, which is foreclosed by our previous opinion involving the same parties. See Porous III, 186 F.3d 1077, 1080-81. Porous alleges that two of Pall's counterclaims during the second Lanham Act case (Porous II) were brought "without probable cause and were made maliciously and as a sham." The district court in the present case, having previously denied Porous's motion for summary judgment on the counterclaims and having ruled that genuine issues of material fact remained to be determined at trial, held that the denial of summary judgment demonstrated that Pall's counterclaims were not "objectively baseless" or "without probable cause." Porous III permits no other conclusion.

Finally, we affirm the district court's decision to award Rule 11 sanctions against Porous. Below, Porous moved to recuse the district judge, who had presided over the trial of Porous's second Lanham Act suit against Pall, made various rulings in Pall's favor, and allegedly commented after the trial that Porous had won the trial through "smoke and mirrors"--which Porous's counsel admitted he interpreted as a compliment to his advocacy skills rather than as a judgment on the merits. The record causes us to agree with the district court that Porous's motion lacked a legitimate legal and factual basis for recusal. We cannot conclude that the district court abused its discretion by imposing sanctions against Porous and its attorney.

Pall has requested in its brief that we impose sanctions against Porous for its improper conduct and that we award costs and attorneys' fees incurred in responding to this claimed frivolous appeal. While we might read this as a motion under Rule 38 of the Federal Rules of Appellate Procedure for an award of damages and costs, it is not separately filed. It is appropriate that we give notice to Porous that the court is considering such sanctions and to give it additional time to respond.

Porous's motion to recuse was filed after the return of verdicts in favor of Porous in the amount of $1,720,000, and a verdict in favor of Porous on Pall's counterclaims. The motion suggested that the court's impartiality might reasonably be questioned based on the overall appearance created by the court's rulings, including the denial of the punitive damages claim, taken together with the court's comments. Porous concluded that these factors justified its statement that the court's impartiality may reasonably be questioned and that recusal was appropriate under 28 U.S.C. § 455(a).

During the hearing on the motion to recuse, Porous's counsel Alfred Edwall was asked if a reasonable person, a spectator or a juror, who sat and watched throughout the litigation would feel that there had been an impropriety or appearance of impropriety on the part of the court. He answered "no." Edwall went on to state that the smoke and mirrors comment, along with a hearsay statement contained in an affidavit of one of the parties that an unnamed juror felt the court had indicated that Porous had received too much money in the first case, constituted an appearance of impropriety. When Porous's counsel Robert Tansey was asked by the court whether he interpreted the remark about smoke and mirrors to be a compliment on his advocacy abilities or a judgment on the merits of the case, he stated that he believed it to be the former. He further stated that he had decided not to be involved in the motion to recuse.

It is significant that we held in Porous II that the district court did not err or abuse its discretion in refusing to allow Porous to add a claim for punitive damages. 173 F.3d at 1118. We pointed out that Porous's claim for punitive damages was inconsistent with the jury's verdict which specifically found that Pall's actions were not willful and done in bad faith, and that it had not acted with actual malice. With respect to the ruling on the counterclaims, we held in Porous III that, as a matter of law, Porous's malicious prosecution claim was fatally undermined by the district court's ruling on Porous's motion for judgment as a matter of law. 186 F.3d at 1080.

We conclude that the appeal in this case of the imposition of sanctions against Porous and its counsel was frivolous.

By this opinion we give notice to the parties that the court will consider whether damages and costs should be awarded to Pall for the cost of defending a frivolous appeal with respect to the sanctions issue, as well as the other issues in this case. Within twenty days from receipt of the court's opinion, the parties shall file with the court letter briefs not to exceed five pages addressing this issue. Counsel for Pall should include an additional exhibit substantiating the amount of costs and attorneys' fees incurred in defense of this appeal, with a specific allocation as to the time spent on the sanction order in this court.

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.