# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2958

_____

| | | |
|---|---|---|
| Andrew Rosenthal, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Webster University; Richard Meyers, | * | Eastern District of Missouri |
| President of Webster University; Jeri | * | |
| Levesque; Ted Hoeff, | * | [UNPUBLISHED] |
| | * | |
| Appellees. | * | |

_____

Submitted:  September 21, 2000
Filed:    September 25, 2000

_____

Before McMILLIAN, BOWMAN, and MORRIS SHEPPARD ARNOLD, Circuit
Judges.

_____

PER CURIAM.

Andrew Rosenthal, a former student of Webster University, appeals from the
final judgment entered in the District Court[1] for the Eastern District of Missouri,
denying him injunctive relief and granting summary judgment to defendants. Rosenthal
filed this action after he was suspended from the University for emotional and

_____

[1]The Honorable E. Richard Webber, United States District Judge for the Eastern
District of Missouri.

behavioral problems, and was denied readmission. He claimed that defendants discriminated against him because of his disability (bipolar disorder), in violation of the Rehabilitation Act, 29 U.S.C. §§ 701-796, and the Americans With Disabilities Act (ADA), 42 U.S.C. §§ 12101-12213, and that defendants violated the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. § 1232g. For reversal, he argues the district court erred in denying his motions for injunctive relief and sanctions, and in granting summary judgment. For the reasons discussed below, we affirm the judgment of the district court.

Upon de novo review, see Winkle v. Southwestern Bell Tel. Co., 195 F.3d 418, 420 (8th Cir. 1999), we conclude defendants were entitled to judgment as a matter of law because Rosenthal did not produce any valid evidence that defendants knew of his bipolar disorder before they suspended him and set the conditions for his readmission. Upon enrolling, Rosenthal informed a University employee that he suffered from "unipolar disorder"; that he suffered from a variety of physical conditions affecting his thinking and concentration, and might be depressed; and that he needed a separate, quiet testing area and extra time on tests. The University was not informed that he was bipolar until after he was suspended and had been charged with further conduct disqualifying him for readmission. Cf. Crandall v. Paralyzed Veterans, 146 F.3d 894, 895, 897-98 (D.C. Cir. 1998) (even if employee's rude behavior was symptom of his bipolar disorder, employer was not liable under Rehabilitation Act when employee had not disclosed his disability prior to being fired).

The record, moreover, is quite clear that Rosenthal's suspension was not based upon his disability but upon his disorderly conduct--including, but not limited to, carrying a gun and threatening to use it--and that he was denied readmission because he violated the terms of readmission by being charged with harassment. Cf. Palmer v. Circuit Court, 117 F.3d 351, 352 (7th Cir. 1997) (finding no evidence that employee was fired because of her mental illness where she was fired for threatening to kill another employee; if employee is fired for unacceptable behavior, fact that behavior

was precipitated by mental illness does not present ADA issue), <u>cert. denied</u>, 522 U.S. 1096 (1998).

As to Rosenthal's remaining arguments on appeal, there is no private cause of action under FERPA, <u>see</u> <u>Girardier v. Webster College</u>, 563 F.2d 1267, 1276-77 (8th Cir. 1977); we find no abuse of discretion in the denial of injunctive relief and sanctions, <u>see</u> <u>Pottgen v. Missouri State High Sch. Activities Ass'n</u>, 40 F.3d 926, 929 (8th Cir. 1994) (injunctive relief); <u>Porous Media Corp. v. Pall Corp.</u>, 201 F.3d 1058, 1059 (8th Cir. 2000) (sanctions); and we do not address Rosenthal's new claim that defendants defamed him by publishing information about him on campus, <u>see</u> <u>Alexander v. Pathfinder, Inc.</u>, 189 F.3d 735, 742 (8th Cir. 1999) ("we will not consider arguments raised for the first time on appeal").  Last, we deny Rosenthal's pending motion to supplement the record.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.