# United States Court of Appeals

## For the Eighth Circuit

_____

No. 13-2734

_____

Brenda West-Anderson

*Plaintiff - Appellant*

v.

The Missouri Gaming Company, doing business as Argosy Casino; Scott Kirby;
D. A. Chenoweth, also known as Dale Chenoweth

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Western District of Missouri - St. Joseph

_____

Submitted: April 7, 2014
Filed: May 7, 2014
[Unpublished]

_____

Before BYE, GRUENDER, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Brenda West-Anderson appeals the district court's dismissal under Federal
Rules of Civil Procedure 12(b) and (c) of her pro se 42 U.S.C. § 1983 action against
Argosy Casino (Argosy), Argosy Security Shift Manager Scott Kirby, and Missouri

State Highway Patrol (MSHP) Officer Dale Chenoweth. For the following reasons, we affirm in part, and we reverse and remand in part.

West-Anderson filed the instant suit for damages, asserting violations of her Fourth, Fifth, and Fourteenth Amendment rights, based on the following allegations. West-Anderson was a patron of Argosy and found $40 abandoned on the floor of the casino, which she picked up and kept. She was later accosted by Kirby, who claimed he had seen her on surveillance video pick up the money from the floor and accused her of stealing it. He threatened her with arrest and demanded that she return the money, which she did. West-Anderson then went to casino services to report the incident, believing she had been falsely accused of theft, and seeking an apology; she was ultimately told by Kirby that if she did not leave she would be thrown out for trespassing. As West-Anderson was preparing to leave the casino, Kirby and Chenoweth accosted her. Chenoweth told her that she was under arrest for theft, seized her purse, and handcuffed her. He and Kirby then paraded her through the casino and took her to an office that had "Missouri State Highway Patrol" displayed. While in the office, she invoked her Fifth Amendment rights, and Kirby, prompted by Chenoweth's questioning, said something to the effect of, "She gave the $40.00 back, but she made a fuss about getting an apology from the General Manager." Less than a minute later Chenoweth removed the handcuffs, returned West-Anderson's purse, and told her she was free to go. To her complaint, West-Anderson attached exhibits, which included reports of the incident prepared by Kirby and Chenoweth, respectively.

Upon careful de novo review, see Ashley Cnty., Ark. v. Pfizer, Inc., 552 F.3d 659, 665 (8th Cir. 2009) (standard of review), we conclude that the district court erred in dismissing West-Anderson's Fourth Amendment claim against Chenoweth,[1]

---

[1]Because the pro se notice of appeal specifies the July 19 judgment, which recited the dismissal on July 9 as well as those on July 19, we construe the notice of

Argosy, and Kirby. Initially, we note that, to the extent any statements made by Kirby and Chenoweth in their reports contradicted West-Anderson's allegations presented in her complaint, the statements were not entitled to a presumption of truth in assessing the basis of Chenoweth's or Kirby's knowledge at the time of arrest or whether probable cause existed. See Fed. R. Civ. P. 10(c) (document attached as exhibit to pleading is part of pleading for all purposes); Jones v. City of Cincinnati, 521 F.3d 555, 561 (6th Cir. 2008) (when plaintiff attaches document to complaint which contains unilateral statements by defendant that conflict with plaintiff's allegations, Rule 10(c) does not require plaintiff to adopt every word in document as true; concluding statements in officers' reports attached to complaint simply constituted allegations that officer made statements in report, not that statements were true).

We find that the complaint allegations were sufficient to raise an inference that there was no probable cause to believe West-Anderson had committed theft at the time of her arrest. See Mo. Rev. Stat. §§ 570.030 (crime of theft under Missouri law) and 570.060 (person who appropriates lost property shall not be deemed to have stolen that property within meaning of section 570.030 unless such property is found under circumstances which gave finder knowledge of or means of inquiry as to true owner); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (complaint states claim if it contains factual content that would allow court to draw reasonable inference of liability); Royster v. Nichols, 698 F.3d 681, 688 (8th Cir. 2012) (probable cause exists when facts and circumstances are sufficient to lead reasonable person to believe crime has been committed; in determining whether probable cause exists, court looks at totality of circumstances based on information available to officer at time of arrest).

---

appeal as challenging the July 9 order as well. See Greer v. St. Louis Reg'l Med. Ctr., 258 F.3d 843, 845-46 (8th Cir. 2001).

As to Chenoweth, West-Anderson's allegation that he released her--after she overheard Kirby's statement that she had returned the money--does not permit *only* the inference that based on the facts known to Chenoweth at the time of the arrest, he reasonably believed she had committed theft. See Saucier v. Katz, 533 U.S. 194, 202 (2001) (relevant, dispositive inquiry in determining whether right is clearly established for purpose of qualified immunity is whether it would be clear to reasonable officer that his conduct was unlawful in situation he confronted); Hamilton v. Palm, 621 F.3d 816, 817, 819 (8th Cir. 2010) (decisions in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), and Iqbal did not abrogate notice pleading standard of Fed. R. Civ. P. 8(a)(2); pleading requirements are "satisfied when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"; "[w]hich inference will prove to be correct is not an issue to be determined by a motion to dismiss").

With respect to Argosy and Kirby, we find that the complaint allegations also were sufficient to raise an inference that an arrangement existed whereby Chenoweth made arrests based on Kirby's representations, without conducting an independent investigation, and thus that Argosy and Kirby acted under the color of state law. See Sanders v. City of Minneapolis, Minn., 474 F.3d 523, 527 (8th Cir. 2007) (private actors may incur § 1983 liability only if they are willing participants in joint action with state or its agents acting under color of state law); cf. Youngblood v. Hy-Vee Food Stores, Inc., 266 F.3d 851, 855 (8th Cir. 2001) ("[a] store may be considered to be acting jointly with police when the police detain accused shoplifters without making an independent investigation or pursuant to a customary plan between the store and the police department"); Murray v. Wal-Mart, Inc., 874 F.2d 555, 558-59 (8th Cir. 1989) (finding willful, joint activity where, inter alia, Wal-Mart acted in concert with police because it had practice of working with police department in prosecuting shoplifters; store security guard was employee of police department; and police relied on guard's incomplete version of facts without any independent investigation).

-4-

We agree with the district court's disposition of the remaining state and federal claims asserted in the complaint, and we conclude that Judge Phillips did not abuse her discretion in refusing to recuse herself. See Dossett v. First State Bank, 399 F.3d 940, 953 (8th Cir. 2005) (district court's denial of recusal motion reviewed for abuse of discretion; recusal is required when average person knowing all relevant facts of case might reasonably question judge's impartiality; adverse rulings, however, almost never constitute valid basis for recusal).

Accordingly, we reverse the dismissal of West-Anderson's Fourth Amendment claims against Chenoweth, Kirby, and Argosy, we affirm the dismissal of all other claims, and we remand to the district court for further proceedings.

GRUENDER, Circuit Judge, concurring in part and dissenting in part.

I respectfully dissent from the portion of the court's opinion reversing the district court's dismissal of West-Anderson's Fourth Amendment claims against Chenoweth, Kirby, and Argosy. However, I concur in the portion of the court's opinion affirming the district court's disposition of West-Anderson's remaining state and federal claims as well as the district court's decision not to recuse.

Law enforcement officers are entitled to qualified immunity even "'if they arrest a suspect under the mistaken belief that they have probable cause to do so, provided that the mistake is objectively reasonable'—that is, officers are not liable if they had 'arguable probable cause' to make the arrest." Bernini v. City of St. Paul, 665 F.3d 997, 1003 (8th Cir. 2012) (quoting Amrine v. Brooks, 522 F.3d 823, 832 (8th Cir. 2008)). Although Missouri's theft statute contains a lost-property exception, the exception would not have applied if West-Anderson found the money "under circumstances which gave [her] knowledge of or means of inquiry as to the true owner." Mo. Rev. Stat. § 570.060. In Chenoweth's investigation report, attached to

West-Anderson's complaint, Chenoweth states that at the time he made the arrest, he was acting on information from Kirby that West-Anderson "had picked up two twenty dollar bills after Joseph M. Poje had dropped it near [a] slot machine . . . and then left the area." This information was sufficient to provide arguable probable cause that West-Anderson retrieved the cash under circumstances giving her knowledge of or means of inquiry as to Poje's rightful ownership.

The court suggests that the reports attached to the complaint cannot be used to consider what Chenoweth knew and when he knew it. I disagree because West-Anderson's complaint contains no contradictory allegations about what Chenoweth knew at the time he arrested her. See Jones v. City of Cincinnati, 521 F.3d 555, 561 (6th Cir. 2008) (holding that when a plaintiff attaches documents to her complaint containing statements by the defendant that conflict with the plaintiff's allegations, the plaintiff is not required to adopt every word in the documents as true); Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999) (observing that courts may consider attached exhibits that do not contradict the complaint when ruling on a motion to dismiss). Accordingly, I would consider Chenoweth's uncontradicted statements in the attached report for purposes of considering a motion to dismiss. See Porous, 186 F.3d at 1079. I agree with the district court that the facts contained in the complaint and attached reports do not state a claim to relief under the Fourth Amendment against Chenoweth.

I also agree with the district court that West-Anderson failed to plead sufficient facts demonstrating that Argosy and Kirby acted jointly with public officers under color of state law. "Private parties are only liable under 42 U.S.C. § 1983 when they have been jointly engaged with public officers in the denial of civil rights." Young v. Harrison, 284 F.3d 863, 870 (8th Cir. 2002). West-Anderson alleges only that Kirby "instigated/started" the arrest, but we have held that a private actor "does not conspire with a state official merely by invoking an exercise of the state official's authority." Id. (holding that a hotel security guard was not liable under § 1983 merely

because he called police and brought the police to the plaintiff's hotel room). We occasionally have found that a security guard acted jointly with police officers where the officers and the prosecutor failed to make an independent investigation before arresting and prosecuting someone. See, e.g., Murray v. Wal-Mart, Inc., 874 F.2d 555, 559 (8th Cir. 1989). However, in Murray, it was "the practice of Wal-Mart to work with the police department in prosecuting shoplifters." Id. In particular, Wal-Mart's security guard was "also an employee of the police department" and "ha[d] a close relationship with the prosecuting attorney, who apparently made his recommendation to prosecute based on [the security guard's] word, not upon an independent investigation of the facts." Id. Here, West-Anderson has not alleged a collusive relationship between Argosy, Kirby, and Chenoweth, through which casino patrons are detained and prosecuted without adequate independent investigations. Nor has she pled any facts indicating that Kirby was jointly employed by the state police. Accordingly, I also conclude that the complaint and attached reports, taken as true, do not state a claim to relief under the Fourth Amendment against Argosy and Kirby as joint state actors.

For these reasons, I would affirm the district court's order in all respects.

_____