GRUENDER, Circuit Judge,
concurring in part and dissenting in part.
I respectfully dissent from the portion of the court’s opinion reversing the district court’s dismissal of West-Anderson’s Fourth Amendment claims against Che-noweth, Kirby, and Argosy. However, I concur in the portion of the court’s opinion affirming the district court’s disposition of West-Anderson’s remaining state and federal claims as well as the district court’s decision not to recuse.
Law enforcement officers are entitled to qualified immunity even “ ‘if they arrest a suspect under the mistaken belief that *624 they have probable cause to do so, provided that the mistake is objectively reasonable’ — that is, officers are not liable if they had ‘arguable probable cause’ to make the arrest.” Bernini v. City of St Paul, 665 F.3d 997,1003 (8th Cir.2012) (quoting Am-rine v. Brooks, 522 F.3d 823, 832 (8th Cir.2008)). Although Missouri’s theft statute contains a lost-property exception, the exception would not have applied if West-Anderson found the money “under circumstances which gave [her] knowledge of or means of inquiry as to the true owner.” Mo.Rev.Stat. § 570.060. In Chenoweth’s investigation report, attached to West-Anderson’s complaint, Chenoweth states that at the time he made the arrest, he was acting on information from Kirby that West-Anderson “had picked up two twenty dollar bills after Joseph M. Poje had dropped it near [a] slot machine ... and then left the area.” This information was sufficient to provide arguable probable cause that West-Anderson retrieved the cash under circumstances giving her knowledge of or means of inquiry as to Poje’s rightful ownership.
The court suggests that the reports attached to the complaint cannot be used to consider what Chenoweth knew and when he knew it. I disagree because West-Anderson’s complaint contains no contradictory allegations about what Chenoweth knew at the time he arrested her. See Jones v. City of Cincinnati, 521 F.3d 555, 561 (6th Cir.2008) (holding that when a plaintiff attaches documents to her complaint containing statements by the defendant that conflict with the plaintiffs allegations, the plaintiff is not required to adopt every word in the documents as true); Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir.1999) (observing that courts may consider attached exhibits that do not contradict the complaint when ruling on a motion to dismiss). Accordingly, I would consider Chenoweth’s uncontra-dicted statements in the attached report for purposes of considering a motion to dismiss. See Porous, 186 F.3d at 1079. I agree with the district court that the facts contained in the complaint and attached reports do not state a claim to relief under the Fourth Amendment against Chenow-eth.
I also agree with the district court that West-Anderson failed to plead sufficient facts demonstrating that Argosy and Kirby acted jointly with public officers under color of state law. “Private parties are only liable under 42 U.S.C. § 1983 when they have been jointly engaged with public officers in the denial of civil rights.” Young v. Harrison, 284 F.3d 863, 870 (8th Cir.2002). West-Anderson alleges only that Kirby “instigated/started” the arrest, but we have held that a private actor “does not conspire with a state official merely by invoking an exercise of the state official’s authority.” Id. (holding that a hotel security guard was not liable under § 1983 merely because he called police and brought the police to the plaintiffs hotel room). We occasionally have found that a security guard acted jointly with police officers where the officers and the prosecutor failed to make an independent investigation before arresting and prosecuting someone. See, e.g., Murray v. Wal-Mart, Inc., 874 F.2d 555, 559 (8th Cir.1989). However, in Murray, it was “the practice of Wal-Mart to work with the police department in prosecuting shoplifters.” Id. In particular, Wal-Mart’s security guard was “also an employee of the police department” and “ha[d] a close relationship with the prosecuting attorney, who apparently made his recommendation to prosecute based on [the security guard’s] word, not upon an independent investigation of the facts.” Id. Here, West-Anderson has not alleged a collusive relationship between Argosy, Kirby, and Chenoweth, *625 through which casino patrons are detained and prosecuted without adequate independent investigations. Nor has she pled any facts indicating that Kirby was jointly employed by the state police. Accordingly, I also conclude that the complaint and attached reports, taken as true, do not state a claim to relief under the Fourth Amendment against Argosy and Kirby as joint state actors.
For these reasons, I would affirm the district court’s order in all respects.