# United States Court of Appeals
### For the Eighth Circuit

_____

No. 14-2569
_____

Sandra Sue Grazzini-Rucki, individually and on behalf of her children, N.J.R.,
S.V.R., G.J.R., N.G.R., and G.P.R., and all others similarly situated

*Plaintiff - Appellant*

v.

David Knutson, an individual; John and Mary Does 1-20

*Defendants - Appellees*
_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis
_____

Submitted: March 10, 2015
Filed: March 31, 2015
[Unpublished]
_____

Before WOLLMAN, BEAM, and LOKEN, Circuit Judges.
_____

PER CURIAM.

Dakota County, Minnesota, District Court Judge David Knutson presided over a long, complicated family-law matter involving Sandra Grazzini-Rucki and her ex-husband. Judge Knutson ordered that "[a]ll court proceedings of any type involving the parties in this case are blocked exclusively to this court and the undersigned

judge." While cases related to the marriage dissolution were pending, Grazzini-Rucki, on behalf of herself and her five children, filed a federal lawsuit against Judge Knutson, alleging tort claims and constitutional violations. Relying on the abstention doctrine set forth in Younger v. Harris, 401 U.S. 37 (1971), the district court[1] dismissed without prejudice Grazzini-Rucki's claims for injunctive and declaratory relief. The remaining claims were dismissed with prejudice on the basis of judicial immunity. We affirm.

Grazzini-Rucki has pointed to no error in the district court's abstention determination, and thus she has abandoned any argument that the district court erred in dismissing her claims for injunctive and declaratory relief. See Jasperson v. Purolator Courier Corp., 765 F.2d 736, 740 (8th Cir. 1985) ("A party's failure to raise or discuss an issue in [her] brief is to be deemed an abandonment of that issue."); Fed. R. App. P. 28(a)(8)(A) (requiring that an appellant's brief include an argument section, containing the "appellant's contentions and the reasons for them"). Moreover, we decline to consider any arguments that were raised for the first time in her reply brief, see Jasperson, 765 F.2d at 740-41, and we proceed to whether Judge Knutson is immune from suit.

A judge is entitled to judicial immunity if he has not acted in clear absence of all jurisdiction and if the act was a judicial one. Stump v. Sparkman, 435 U.S. 349, 359 (1978). To determine whether an act is judicial, we consider the "nature of the function performed." Forrester v. White, 484 U.S. 219, 229 (1988). An act is judicial "if it is a function normally performed by a judge and the parties dealt with the judge in his judicial capacity." Martinez v. Winner, 771 F.2d 424, 434 (10th Cir. 1985), vacated as moot after remand from Supreme Court, 800 F.2d 230 (10th Cir. 1986).

---

[1]The Honorable Susan Richard Nelson, United States District Judge for the District of Minnesota.

Judicial acts do not "become less judicial by virtue of an allegation of malice or corruption of motive." Forrester, 484 U.S. at 227.

Grazzini-Rucki argues that Judge Knutson's self-assignment of related matters was an administrative act, not a judicial one. The assignment of cases, however, "is still a judicial function in the sense that it directly concerns the case-deciding process." Martinez, 771 F.2d at 434. Accordingly, to the extent Judge Knutson assigned related matters to himself, we hold that such assignment constituted a judicial act that entitles him to immunity from suit.

Grazzini-Rucki also argues that a listening session that Judge Knutson held, during which he heard from the five children, was not a judicial act. We disagree. The listening session was held at the courthouse; was attended by the parties, the attorneys, the guardian ad litem, and the therapist; and was recorded by a court reporter. Although the *sua sponte* order to seal the transcript characterized the session as "held for the sole purpose of facilitating therapy previously ordered by the Court," that characterization does not require the conclusion that the listening session was something other than a judicial act. Given the flexibility that Minnesota's custody laws give to the court to determine the best interests of the children, we conclude that the listening session constituted a function normally performed by a judge in deciding custody disputes and involved Judge Knutson in his judicial capacity.[2] See, e.g., Minn. Stat. § 518.17 subds. 1-2 (listing factors for the court to consider to determine the best interests of the child in custody matters); id. § 518.166 (allowing the court to interview children and seek custody recommendations from professionals). Judge Knutson thus is entitled to judicial immunity for claims related to the listening session.

---

[2]We note that immediately prior to the listening session, Grazzini-Rucki's attorney conceded that Minnesota statutes "allow the children to talk with the Judge in chambers with attorneys present[,] and I would be comfortable with that and so would my client. I think maybe you can get to the heart of some things because the children might want to speak."

Finally, the district court's consideration of certain matters of public record did not convert its ruling on the motion to dismiss into a summary-judgment ruling. See Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999) (holding that, when considering a motion to dismiss, the court "may consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings" (citations and internal quotation marks omitted)).

The judgment is affirmed.

_____