# United States Court of Appeals
### For the Eighth Circuit

_____

No. 14-1931
_____

Mark Alan Greenman

*Plaintiff - Appellant*

v.

Officer Jeremiah Jessen; Sgt. Jason Nelson; Chief Ed Belland; City of Medina;
Steven M. Tallen

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: December 11, 2014
Filed: May 28, 2015

_____

Before LOKEN, BRIGHT, and KELLY, Circuit Judges.

_____

KELLY, Circuit Judge.

Mark Greenman filed a 42 U.S.C. § 1983 action against the City of Medina, Minnesota, three Medina police officers, and Steven M. Tallen, the prosecutor for the City of Medina. Greenman asserted the police officers and city prosecutor violated his Fourth Amendment right to be free from unreasonable search and seizure, his Fourteenth Amendment due-process rights, and his First Amendment rights to free

speech and to petition the government for redress of grievances. He further alleged the City of Medina was liable for not properly training and supervising its police officers. He also filed several state-law claims. The district court[1] dismissed all the federal claims, on the basis that the police officers and city prosecutor were entitled to qualified immunity, and declined to exercise supplemental jurisdiction over Greenman's state-law claims. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

## I. Background

The facts, construed in the light most favorable to Greenman,[2] are as follows. Medina police officers arrested Greenman on three separate occasions for, among other things, operating his Segway while under the influence of alcohol (DWI) in violation of Minnesota Statutes Chapter 169A. According to Greenman's complaint, a Segway is "a two-wheeled battery-operated device, where the operator stands upright and can make it move by leaning on the handle."

The first arrest took place on August 17, 2010, when Officer Jeremiah Jessen stopped Greenman at approximately 8:56 p.m. after he observed Greenman driving his Segway on a roadway in Medina. This was after sunset, and Officer Jessen observed that the Segway did not have a headlight or other lights. Officer Jessen ultimately arrested and detained Greenman. On October 15, 2010, Sergeant Jason

---

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

[2]Tallen moved to dismiss Greenman's claims for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6); the City and police officers filed a Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c). For purposes of both types of motions, we assume factual allegations in the complaint to be true. See Hopkins v. City of Bloomington, 774 F.3d 490, 492 (8th Cir. 2014) (Rule 12(b)(6) motion); Poehl v. Countrywide Home Loans, Inc., 528 F.3d 1093, 1096 (8th Cir. 2008) (Rule 12(c) motion).

Nelson filed a formal criminal complaint against Greenman, charging him with (1) gross misdemeanor DWI, (2) misdemeanor DWI, (3) misdemeanor careless driving, and (4) possession of marijuana in a motor vehicle.[3] The misdemeanor careless driving charge was later amended to a petty misdemeanor charge of operating his Segway without due care, and the possession charge was amended to reflect a smaller amount of marijuana.

Greenman moved to dismiss the charges for lack of probable cause. On June 17, 2011, Hennepin County District Court Judge Ronald Abrams dismissed the two DWI charges and the marijuana charge but found probable cause for the charge of failing to operate an electric personal assistive mobility device with due care.[4] In dismissing the DWI charges, Judge Abrams held a Segway was not a "motor vehicle" for purposes of the DWI statute. Following a bench trial, Greenman was acquitted of operating his Segway without due care. The City of Medina did not appeal.

The second arrest took place on February 4, 2012, when Officer Jessen again arrested Greenman, this time for operating his Segway while intoxicated and without due care. On March 22, 2012, Police Chief Ed Belland signed and filed a formal criminal complaint in Hennepin County District Court, alleging two counts of gross misdemeanor DWI and one count of failing to operate an electric personal assistive

---

[3]After Officer Jessen arrested Greenman, he searched Greenman and found the marijuana.

[4]Neither party disputes that a Segway is an electric personal assistive mobility device, as defined in Minnesota Statute § 169.011.26, or that Minnesota Statute § 169.212 governs the operation of electric personal assistive mobility devices, as discussed *infra*.

mobility device with due care.[5]  Hennepin County District Court Judge Denise D. Reilly found probable cause existed for the arrest.

On March 16, 2012, Greenman was arrested a third time.  This time, Sergeant Nelson found Greenman lying on a sidewalk next to his Segway.  After Greenman failed field sobriety tests, Sergeant Nelson arrested him for operating his Segway while intoxicated and for operating it without due care.

Greenman moved to dismiss the DWI charges stemming from his second arrest. Judge Reilly dismissed the DWI charges on August 29, 2012, concluding—like Judge Abrams—that a Segway is not a "motor vehicle" for purposes of the DWI statute. The charge of failing to operate an electric personal assistive mobility device with due care remained pending.  This time, the City of Medina appealed, and on January 22, 2013, the Minnesota Court of Appeals, in a 2–1 decision, affirmed the district court, holding, "a Segway is not a motor vehicle within the meaning of the impaired-driving code." State v. Greenman, 825 N.W.2d 387, 393 (Minn. Ct. App. 2013).  On March 1, 2013, following the Court of Appeals decision, the Hennepin County Attorney[6] voluntarily dismissed the charges stemming from Greenman's third arrest.  On June 20, 2013, Greenman pleaded guilty to a petty misdemeanor charge of operating a Segway on a roadway, in violation of Minnesota Statute § 169.212.2(c), arising from his second arrest.

---

[5]Although the offense was titled "Fail [sic] to Operate Personal Assistive Mobility Device with Due Care," the code section referenced in the complaint is Minnesota Statute § 169.212.2(c), which prohibits the operation of an electric personal assistive mobility device on a roadway, except under certain conditions.  This inconsistency does not affect our analysis.

[6]The third prosecution was taken over by the Hennepin County Attorney's office.

Greenman filed the underlying lawsuit on July 8, 2013. In his § 1983 complaint, Greenman asserted violations of his Fourth and First[7] Amendment rights in connection with all three arrests. He also asserted the second and third arrests violated his Fourteenth Amendment right to due process and alleged he was arrested and prosecuted in deliberate disregard of a court order establishing that driving a Segway while intoxicated is not a crime. He further contended that the police officers and city prosecutor conspired to deprive him of his rights by arresting and prosecuting him, and that the City of Medina was liable under § 1983 for failing to properly train and supervise its police officers.[8]

The district court dismissed Greenman's § 1983 claims, finding that the officers and prosecutor were entitled to qualified immunity because, at the time of the arrests, it was not clearly established that Minnesota's DWI statute did not apply to a person operating a Segway while intoxicated, and therefore a reasonable officer could have believed that operating a Segway while intoxicated violated the DWI statute. The court dismissed the state-law claims without prejudice. Greenman appeals.

## II. Discussion

We review de novo both the grant of a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). Ashley County, Ark. v. Pfizer, Inc., 552 F.3d 659, 665 (8th Cir. 2009). The grant of either motion is "appropriate only when there is no dispute as to any material facts and the moving party is entitled to judgment as a latter of law." Id. (quotation omitted). A court

---

[7]Greenman is an attorney and alleged the arrests and prosecutions were in retaliation for his representation of a client.

[8]Greenman also alleged state-law claims of false imprisonment, trespass to chattel, malicious prosecution, and negligence.

generally may not consider materials outside the pleadings when deciding a motion to dismiss for failure to state a claim or for judgment on the pleadings. Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999). Courts may, however, consider "some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings." Id. (internal citation and quotation omitted). For example, courts may consider "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint." Id. (quotation omitted). In this case, the district court considered the underlying state court decisions because they were matters of public record.[9]

## A. Fourth Amendment Violations

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Pearson v. Callahan, 555 U.S. 223, 231 (2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). "We analyze qualified immunity in two steps: (1) whether the facts that a plaintiff has alleged . . . make out a violation of a constitutional right; and (2) whether the right at issue was clearly established at the time of [the] defendant's alleged misconduct." Peterson v. Kopp, 754 F.3d 594, 598 (8th Cir. 2014) (alteration in original) (quotation omitted). Government officials are entitled to qualified immunity "[u]nless both of these questions are answered affirmatively." Nord v. Walsh County, 757 F.3d 734, 738 (8th Cir. 2014). In addition, we are "permitted to

---

[9]Greenman expressly states on appeal that he "does not object to consideration of and cites to the prior state court orders referenced in his Complaint, including those of Judge Abrams [of the Hennepin County District Court], Judge Reilly [of the Hennepin County District Court], and the Minnesota Court of Appeals, and other public records of those underlying proceedings."

exercise [our] sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first." Pearson, 555 U.S. at 236.

The district court addressed whether it was clearly established at the time of Greenman's arrests that a reasonable police officer would have known that probable cause did not exist to arrest an intoxicated person operating a Segway for DWI. But we choose to address the defendants' alternative argument: that they are entitled to qualified immunity because there was probable cause, or at least arguable probable cause, to arrest and prosecute Greenman on all three occasions for operating his Segway in violation of Minnesota traffic laws other than DWI.[10] If the officers had probable cause to arrest, then Greenman has failed to "make out a violation of a constitutional right" in the first instance.

"Probable cause exists when the totality of the circumstances at the time of the arrest are sufficient to lead a reasonable person to believe that the defendant has committed or is committing an offense." Kopp, 754 F.3d at 598 (quotation omitted). But a police officer need only have "arguable probable cause" to make the arrest in order to receive qualified immunity. Id. "Arguable probable cause exists even where an officer mistakenly arrests a suspect believing it is based on probable cause if the mistake is objectively reasonable." Id. (quotation omitted). Though the probable-cause standard allows room for reasonable mistakes by a reasonable person, the qualified-immunity standard "'protect[s] all but the plainly incompetent or those who knowingly violate the law.'" Ulrich v. Pope County, 715 F.3d 1054, 1059 (8th Cir. 2013) (quoting Hunter v. Bryant, 502 U.S. 224, 229 (1991)).

---

[10]Despite the fact that the district court determined the officers and prosecutor were entitled to qualified immunity based on the second prong, we may affirm the district court on any basis supported by the record. Guimaraes v. SuperValu, Inc., 674 F.3d 962, 974 (8th Cir. 2012).

Under Minnesota law, Greenman had an obligation to operate his Segway with due care. Minnesota Statute § 169.212[11] regulates the operation of electric personal assistive mobility devices and reads in part as follows:

> (b) No person may operate an electric personal assistive mobility device on a roadway, sidewalk, or bicycle path at a rate of speed that is not reasonable and prudent under the conditions. Every person operating an electric personal assistive mobility device on a roadway, sidewalk, or bicycle path is responsible for becoming and remaining aware of the actual and potential hazards then existing on the roadway or sidewalk and must use due care in operating the device.

Minn. Stat. § 169.212.2(b). Also, a person is not permitted to operate a Segway on a roadway unless an express exception applies. Minn. Stat. § 169.212.2(c).[12] Finally, though a violation of Chapter 169 is generally a petty misdemeanor, a violation can be enhanced to a misdemeanor if it is:

> (1) a violation which is committed in a manner or under circumstances so as to endanger or be likely to endanger any person or property; or

---

[11]Chapter 169 of the Minnesota Statutes sets forth general traffic regulations.

[12]The exceptions are as follows:

(1) while making a direct crossing of a roadway in a marked or unmarked crosswalk;
(2) where no sidewalk is available;
(3) where a sidewalk is so obstructed as to prevent safe use;
(4) when so directed by a traffic-control device or by a peace officer; or
(5) temporarily in order to gain access to a motor vehicle.

Minn. Stat. § 169.212.2(c).

(2) exclusive of violations relating to the standing or parking of an unattended vehicle, a violation of any of the provisions of this chapter, classified therein as a petty misdemeanor, when preceded by two or more petty misdemeanor convictions within the immediate preceding 12-month period . . . .

Minn. Stat. § 169.89.1.

According to Greenman's complaint, at the time of the first arrest, Greenman was operating his Segway on a roadway in Medina. In addition, the record shows that this arrest occurred after sunset,[13] and Greenman does not dispute his Segway did not have a headlight or any other lights for safety purposes. Under these circumstances, Officer Jessen had probable cause to arrest Greenman based on a reasonable belief that Greenman was violating Minnesota traffic laws in two ways: by operating his Segway on a roadway, and by operating his Segway without taking due care to ensure it was sufficiently visible in the dark. He also had, at a minimum, arguable probable cause to conclude that the violation was "committed in a manner or under circumstances so as to endanger or be likely to endanger any person or property." Minn. Stat. § 169.89.1(1). While operating a Segway in the roadway, after dark, and without lights, Greenman arguably placed himself in danger of harm from passing vehicles.

According to Greenman's complaint, at the time of the second arrest, Greenman was again operating his Segway on a roadway in Medina. As described in Judge Reilly's order granting Greenman's motion to dismiss, Officer Jessen saw Greenman cross the center line of the road twice; and when he approached Greenman, the officer smelled alcohol, saw Greenman's eyes were bloodshot and watery, and noted

---

[13]According to Greenman's complaint, he was stopped shortly before 9:00 p.m., and according to Judge Abrams's order dismissing the DWI charges stemming from the first arrest, the stop occurred after sunset.

Greenman was "unstable on his feet."[14]   Under these circumstances, too, Officer Jessen had probable cause to believe Greenman was unlawfully operating his Segway on a roadway and had at least arguable probable cause to believe Greenman was operating his Segway without due care.  And as with the first arrest, Officer Jessen had reason to believe these violations were "committed in a manner or under circumstances so as to endanger or be likely to endanger" Greenman.  Though the DWI charges associated with this arrest were dismissed, Greenman ultimately pleaded guilty to operating his Segway on a roadway.

Greenman counters that even if Officer Jessen had probable cause to arrest him for traffic violations, the second arrest was really for operating his Segway while impaired, for which Officer Jessen knew he did not have probable cause to arrest him.  But even if Officer Jessen cited a different offense when he arrested Greenman, "probable cause for the arrest still exist[ed] as long as the facts known to the officer would provide probable cause to arrest for the violation of some other law." United States v. Demilia, 771 F.3d 1051, 1054 (8th Cir. 2014).  "In other words, an 'arresting officer's state of mind (except for the facts that he knows) is irrelevant to the existence of probable cause.'" Id. (quoting Devenpeck v. Alford, 543 U.S. 146, 153 (2004)).  "[His] subjective reason for making the arrest need not be the criminal offense as to which the known facts provide probable cause." Id. (quotation omitted).  Officer Jessen had probable cause to arrest Greenman both the first and second times Greenman was operating his Segway on a roadway.  Accordingly, we conclude all three police officers—Officer Jessen, Sergeant Nelson, and Chief Belland—are entitled to qualified immunity in connection with both the August 17, 2010, and the February 4, 2012, arrests.

---

[14]In the memorandum opinion, Judge Reilly noted that "[t]he State accepted [Greenman's] recitation of facts in his opening brief as accurate."  We understand this to mean the parties agreed to the underlying facts and Judge Reilly relied on the facts as stated by Greenman.  In other words, we take these facts to be undisputed.

Regarding the third and final arrest, Greenman contends Sergeant Nelson did not have probable cause to believe that Greenman was operating a Segway without due care because Sergeant Nelson did not actually observe him driving the Segway but instead found him lying on the sidewalk next to his Segway shortly after 8:00 p.m. Greenman asserts the evidence supported his explanation that a "crater" in the sidewalk, rather than his lack of due care, caused the crash.

Even if Greenman is correct that a fault in the sidewalk caused him to crash his Segway, the statute requires, "[e]very person operating an electric personal assistive mobility device on a . . . sidewalk . . . [to be] responsible for becoming and remaining aware of the actual and potential hazards then existing on the . . . sidewalk and [to] use due care in operating the device." See Minn. Stat. § 169.212. 2(b). That Greenman failed field sobriety tests after being found on the sidewalk only adds to the "totality of circumstances" that would lead a reasonable person to determine Greenman was not operating his Segway with due care prior to crashing. See Kopp, 754 F.3d at 598 (quotation omitted). Sergeant Nelson had at least arguable probable cause to arrest Greenman for failing to operate his Segway with due care.[15]

Finally, Greenman argues Tallen, the attorney who prosecuted him on behalf of Medina, should be held liable for the second and third prosecutions because he advised the officers to continue to arrest Greenman for DWI after having personally litigated this issue and lost. "[G]iving legal advice to police during an investigation strips a prosecutor of absolute immunity for that act because it is not a normal part of

_____

[15]In his opening brief, Greenman states "[t]he district court also dismissed Appellant's municipal liability claims on the grounds that the individual Appellees were not liable for any unconstitutional acts. When Appellant's constitutional claims are reinstated, he must be able to pursue his claims for municipal liability." But Greenman does not assert an issue for review as to municipal liability nor does he offer an independent basis for the City of Medina to be held liable. "Claims not raised in an opening brief are deemed waived." Jenkins v. Winter, 540 F.3d 742, 751 (8th Cir. 2008).

-11-

prosecutions." Anderson v. Larson, 327 F.3d 762, 769 (8th Cir. 2003). While Tallen is not entitled to absolute immunity for providing legal advice during a police investigation, "the doctrine of qualified immunity remains available to him for that act," just as it is available to the three Medina police officers. Id. We have concluded, however, that the officers had probable cause to arrest Greenman for traffic violations other than DWI. Therefore, even if Tallen advised the officers as Greenman alleges, the arrests were supported by probable cause; Tallen, therefore, is entitled to qualified immunity.

## B. Due Process Violations

Greenman next argues the second and third arrests and prosecutions violated his Fourteenth Amendment right to substantive due process because after the charges from his first arrest were dismissed, he had a constitutional expectation the Medina officers would not arrest and prosecute him again for DWI while operating a Segway. In other words, Greenman asserts a substantive due-process claim based on allegations of arrest and prosecution without probable cause. "Where a particular [constitutional] amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." Smithson v. Aldrich, 235 F.3d 1058, 1064 (8th Cir. 2000) (quoting Albright v. Oliver, 510 U.S. 266, 273 (1994)). Greenman's due-process claim alleges he was arrested and prosecuted without probable cause. This type of claim is properly addressed under a Fourth Amendment analysis. Id., at 1065. Having undergone the Fourth Amendment analysis in the preceding section, we conclude Greenman's due-process claims fail.

## C. First Amendment Violations

Greenman next asserts Officer Jessen arrested him in retaliation for engaging in protected speech, that is, for representing a client in an adverse court proceeding, thereby violating his First Amendment rights. "[T]he law is settled that as a general matter the First Amendment prohibits government officials from subjecting an individual to retaliatory actions . . . for speaking out." Kopp, 754 F.3d at 602 (quotation omitted). To prevail in an action for First Amendment retaliation, Greenman must show, "(1) he engaged in a protected activity, (2) the government official took adverse action against him that would chill a person of ordinary firmness from continuing in the activity, and (3) the adverse action was motivated at least in part by the exercise of the protected activity." Id. "In retaliatory arrest cases, we have identified a fourth prong: lack of probable cause or arguable probable cause." Id. Because we conclude there was probable cause for each of the three arrests, we agree with the district court that the officers and prosecutor are entitled to qualified immunity on Greenman's First Amendment retaliatory-arrest claims.

## D. Declaratory and Injunctive Relief

Greenman argues the district court erred by dismissing all of his federal constitutional claims without considering his claims for declaratory or injunctive relief. Greenman asked the district court to issue an order prohibiting Medina from again arresting him for operating his Segway while intoxicated. "The exercise of judicial power under Art. III of the Constitution depends on the existence of a case or controversy." Preiser v. Newkirk, 422 U.S. 395, 401 (1975). "When a case on appeal no longer presents an actual, ongoing case or controversy, the case is moot and the federal court no longer has jurisdiction to hear it." Neighborhood Transp. Network, Inc. v. Pena, 42 F.3d 1169, 1172 (8th Cir. 1994). "[A] federal court has neither the power to render advisory opinions nor 'to decide questions that cannot affect the rights of litigants in the case before them.'" Preiser, 422 U.S. at 401 (quoting North

Carolina v. Rice, 404 U.S. 244, 246 (1971). "Because the test to determine the existence of a 'substantial controversy' is imprecise, the decision of whether such controversy exists is made upon the facts on a case by case basis." Marine Equip. Mgmt. Co. v. United States, 4 F.3d 643, 646 (8th Cir. 1993) (quoting Golden v. Zwickler, 394 U.S. 103, 108 (1969)).

The City and police officers assert Greenman's request for declaratory relief is moot because there is no longer an actual case or controversy. We agree. The Minnesota Court of Appeals has concluded that operating a Segway while intoxicated does not violate Minnesota's DWI statute. Following this decision, the Hennepin County Attorney's Office dismissed the pending DWI charges stemming from Greenman's third arrest, and no other charges remain pending against Greenman. Because we conclude Greenman's request for injunctive and declaratory relief has become moot, we no longer have jurisdiction to hear it. Id.[16]

## III. Conclusion

For the reasons set forth above, we affirm the judgment of the district court dismissing Greenman's complaint.

_____

_____

[16]We likewise conclude the district court did not abuse its discretion in declining to exercise supplemental jurisdiction over Greenman's state-law claims. See Johnson v. City of Shorewood, Minn., 360 F.3d 810, 819 (8th Cir. 2004) ("A federal district court has the discretionary power to decline jurisdiction where it has 'dismissed all claims over which it has original jurisdiction.'" (quoting 28 U.S.C. § 1367(c)(3))).